**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL WILLIAM COLE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22-CV-407-JMB |
| DIVISION OF FAMILY SERVICES, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Daniel William Cole, an inmate at the Aloga Correctional Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $2.10. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $10.52, and an average monthly balance of $4.56. The Court will therefore assess an initial partial filing fee of $2.10, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Division of Family Services, and Missouri Parole Officer Jennifer Sands. Plaintiff identifies Sands as his parole officer, and he states she is employed by the State of Missouri. He specifies that he sues her in her official capacity only. Plaintiff identifies the Division of Family Services as located in Warrenton, Missouri. He alleges as follows.

On February 13, 2021, plaintiff's daughter was killed. About 10 months before her death, plaintiff told Sands that his daughter had been drugged and raped, but Sands never reported it. Next, plaintiff alleges he "had conversation with Troy DFS that [plaintiff's daughter] was not to be released back to same address, [omitted] or she would be dead in a week. They released her to him and she was dead within 24 hrs . . .". (ECF No. 1 at 4). Plaintiff claims that "DFS and Jennifer Sands neglected my daughter[']s safety by not listing to [plaintiff's] advice, wishes for her." *Id.*

Plaintiff claims he now has unspecified "medical disabilities," along with anxiety, post-traumatic stress disorder, and nightmares. *Id.* at 5. He seeks $4 million in damages, and he asks the Court to "repr[i]mand and or fire individuals involved for not listening to the father & custody holder of [plaintiff's daughter]. I didn't want her released to anyone but me or my niece . . .". *Id.*

## Discussion

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

3

42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court is sympathetic to plaintiff's loss. However, the complaint fails to state a cognizable § 1983 claim. Plaintiff alleges he told Sands, his probation officer, that his daughter was attacked, but Sands never reported it. Plaintiff also claims the Division of Family Services placed his daughter in the wrong custody. These allegations do not establish the violation of any of plaintiff's rights secured by the Constitution or laws of the United States, as necessary to state a claim under 42 U.S.C. § 1983. The Court also notes that plaintiff appears to characterize his claims as claims of negligence, which are not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Additionally, the Eleventh Amendment bars suit against a state and state agencies like the Division of Family Services for both monetary and injunctive relief. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Texas Community Bank, N.A. v. Missouri Dept. of Social Services, Div. of Medical Services*, 232 F.3d 942, 943 (8th Cir. 2000) (the Missouri Department of Social Services is a state agency entitled to Eleventh Amendment immunity). No exceptions to sovereign immunity are present in this case. Finally, the Department of Social Services is not a "person" within the meaning of 42 U.S.C. § 1983, *see Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), and plaintiff's claims for damages against Sands are also barred. *See Murphy v. Arkansas*, 127 F.3d 750, 754

(8th Cir.1997) (holding that a § 1983 damages claim against a state official acting in his official capacity is barred, either by the Eleventh Amendment or because, in such capacity, he is not a "person" capable of being sued).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $2.10.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of August, 2022.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

5