## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DANIEL WILLIAM COLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-407-JMB |
| DIVISION OF FAMILY SERVICES and JENNIFER SANDS, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on plaintiff Daniel William Cole's "Motion for Leave to File an Amend [*sic*] Complaint." (ECF No. 10/filed August 17, 2022). The motion will be denied.

### Background

Plaintiff is an inmate at the Algoa Correctional Center. He initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983 against the Division of Family Services, and his parole officer Jennifer Sands. He claimed Sands "neglected [his] daughter's safety" when she failed to report his statements that his daughter, "L.C.," had been drugged and raped. Plaintiff alleged that L.C. died in February of 2021 after being placed back in the same unsafe residence. On August 5, 2022, the Court dismissed the matter after determining the complaint failed to state a cognizable claim under 42 U.S.C. § 1983.

In the instant motion, plaintiff does not allege error in the Court's dismissal of this action. Instead, he seeks leave to file an amended complaint to replace the original defendants with new ones, and assert claims against them that are also premised upon L.C.'s allegedly wrongful placement and tragic death. Attached to the motion is a copy of a proposed amended complaint

naming the following Division of Family Services employees as defendants: Kristin Gentry, Teresa Gray, Lauren Richardson, and Whitney Long. Condensed and summarized, plaintiff alleges as follows.

On December 22, 2020, plaintiff discovered that L.C. had suffered a non-fatal drug overdose. Gentry authorized L.C.'s 60-day placement in a rehabilitation facility, and Richardson, Long, and Gray agreed that L.C. should temporarily remain there. Plaintiff told Richardson, Long, and Gray that he believed L.C. should not return to the same residence because it was unsafe. However, on February 13, 2021, Gentry authorized L.C.'s return there. On February 14, 2021, plaintiff's niece told him that L.C. had suffered a fatal drug overdose. Plaintiff asked his niece why L.C. was placed in the unsafe residence.

Plaintiff claims that Gentry, Gray, Richardson, and Long violated his right to due process because he told them L.C. should not be placed in the unsafe residence, and because he was not notified of L.C.'s release from the rehabilitation facility or the placement. Plaintiff also claims that Gentry, Gray, Richardson, and Long violated Division of Family Services regulations, and Missouri laws against child abuse, abandonment, and child endangerment. Plaintiff seeks an injunction from this Court ordering the defendants to refrain from placing children in unsafe environments, and to refrain from ignoring the wishes of children's guardians. He also seeks monetary relief.

**Discussion**

"As [the Eighth Circuit has] said in numerous cases, '[a]lthough leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal.'" *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009) (quoting *Briehl v. General Motors Corp.*, 172 F.3d 623, 629 (8th

Cir. 1999)). The "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* In situations like the one now before the Court, a post-dismissal motion for leave to amend "will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014).[1]

"Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Here, plaintiff points to no manifest error of law or fact, and he does not allege, nor is there a basis to conclude, that he was previously unable to tender the claims, arguments, and legal theories he now seeks to assert. To obtain relief under Rule 60(b), the moving party must show "'exceptional circumstances' warranting 'extraordinary relief.'" *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743 (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)). Plaintiff makes no attempt to show such circumstances here, nor does it appear such circumstances are indeed present. The Court will therefore deny plaintiff's post-judgment motion seeking leave to file an amended complaint.

---

[1] In *United States ex rel Roop,* the Eighth Circuit said the Rule 59(e) and 60(b) standards seemed "ill suited to the task of determining when a plaintiff who has failed to plead fraud with the particularity Rule 9(b) requires should be permitted, post-judgment, to try again." 559 F.3d at 823. The case at bar does not involve that situation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Daniel William Cole's "Motion for Leave to File an Amend [*sic*] Complaint"  (ECF No. 10) is **DENIED**.

Dated this 22nd day of August, 2022.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE